**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVAN KILGORE, <br><br>         Plaintiff-Appellant, <br><br>    v. <br><br> ALICE OKOROIKE; et al., <br><br>         Defendants-Appellees. | No. 17-15929 <br><br> D.C. No. 2:11-cv-01745-TLN-DB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted September 12, 2018[**]

Before:  LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

California state prisoner Ivan Kilgore appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment because Kilgore failed to raise a genuine dispute of material fact as to whether any defendant was deliberately indifferent to Kilgore's pain following surgery. *See id.* at 1057-60 (deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion by denying Kilgore's motion for leave to amend his complaint to add new claims and defendants after the close of discovery. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (setting forth standard of review and factors for permitting leave to amend).

The lack of a specific ruling on Kilgore's request for judicial notice was not an abuse of discretion because the requested factual findings from Kilgore's previous action were subject to dispute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (setting forth standard of review and explaining that a court may take judicial notice of matters of public record but may not take judicial notice of disputed facts). To the extent the district court failed to take notice of facts that were properly the subject of judicial notice, or took notice of disputed facts, Kilgore was not prejudiced because the district court properly granted summary judgment notwithstanding any such errors.

17-15929

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**